**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Kris J. Kinsey,** | ) | **CASE NO. 1:17 CV 2412** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **County of Lorain, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon Defendants Jason Brunner, Jennifer Bowen, and Heather Ables's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 20). This is a § 1983 case arising out of the arrest and detainment of plaintiff. For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Kris Kinsey originally filed this Complaint in a *pro se* capacity in the Lorain County Court of Common Pleas. A First Amended Complaint was then filed by retained counsel. The matter was thereafter removed on the basis of federal question jurisdiction to this Court.

1

The First Amended Complaint names as defendants County of Lorain, Sheriff Phil R. Stammitti, and Jail Administrator Andy Laubenthal.[1] Plaintiff set forth numerous federal and state claims arising out of his arrest by the Elyria police and his subsequent detention in the Lorain County Jail. After being granted leave, plaintiff filed a Second Amended Complaint which adds as defendants Mark Stavesky, Samuel Holbrook, Jason Brunner, Jennifer Bowen, and Heather Ables.

The Second Amended Complaint alleges the following. Plaintiff, a veteran, who suffers from a disability, was arrested by an Elyria, Ohio police officer on August 19, 2017, based on a warrant issued in Belmont County, Ohio. Plaintiff was transported to the Lorain, Ohio County Jail. Defendant officers Holbrook and Stavesky were present and eventually isolated plaintiff due to his persistent questioning. Due to plaintiff's actions, Holbrook and Stavesky told plaintiff he was suicidal, even though a medical assessment had not been conducted, and put him in a restraint chair. Plaintiff suffered a panic attack and was ultimately placed in a Special Needs Unit. Plaintiff spent the next two days unlawfully isolated and unlawfully restrained in the Lorain County Jail. Proper nutrition, prescribed medical treatment, and basic hygiene were also withheld for these three days of his detainment. Although he was permitted to change out of a restrictive suicide suit and into prison clothing on August 21, 2017, he was kept in isolation without acceptable food, water, or medical treatment. Mid-afternoon on August 21, plaintiff was "picked up by two police officers" and transferred to the Belmont County Jail.

---

[1] The State of Ohio and City of Elyria were also named as defendants but were dismissed prior to the removal of this action.

The Second Amended Complaint asserts the following claims: false arrest (Count One), false imprisonment (Count Two), negligent failure to provide medical care (Count Three), assault and battery (Count Four), intentional infliction of emotional distress (Count Five), negligent infliction of emotional distress (Count Six), violation of civil rights under § 1983 (Count Seven), violation of Americans with Disabilities Act and Rehabilitation Act (Count Eight), abuse of process (Count Nine), and malicious prosecution (Count Ten).

This matter is now before the Court upon Defendants Jason Brunner, Jennifer Bowen, and Heather Ables's Motion to Dismiss Plaintiff's Second Amended Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be

enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### **Discussion**

Defendants argue that because the Second Amended Complaint contains no allegations against them, it fails to state a claim. In particular, there are no specific factual allegations regarding these three defendants and their names are only mentioned in the caption of the case. Plaintiff responds that he has alleged a number of facts relating to his incarceration in the Lorain County Jail, including being held pursuant to an invalid warrant, the failure to perform a medical assessment, the withholding of proper nutrition and medical treatment, and the unjustified use of isolation and restraints.  Plaintiff asserts that *Twombly, supra,* does not require that each defendant be specifically named in each allegation of the complaint. Finally, plaintiff maintains that "by being named in the caption combined with the medical related allegations, defendants have sufficient notice of the claim, and that the claim is plausible."  (Doc. 21 at 4) For the following reasons, the Court agrees with defendants and finds plaintiff's assertions to the contrary to be unpersuasive.

4

As noted by these three defendants, the Second Amended Complaint names them only in the caption. They are not mentioned anywhere else in the pleading. In fact, although they are named in their personal and professional capacity, the Second Amended Complaint does not identify in what capacity they presumably worked at the jail. In contrast, the Second Amended Complaint states numerous times that defendants Holbrook and Stavesky engaged in specific acts.

Courts in this circuit have repeatedly recognized that a complaint must assert allegations of personal involvement against each named defendant. In *Kirkendall v. Conklin,* 2018 WL 2213452 (W.D.Mich. May 15, 2018), a § 1983 action, the court stated,

> It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 Fed.Appx. 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 Fed.Appx. 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, 2000 WL 1800569 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

This conclusion has been reached by many courts. *See March v. Aramark Corp.,* 2018 WL 1524606 (E.D.Tenn. March 28, 2018)(Where the plaintiff fails to set forth specific allegations as to some of the individual defendants, the court cannot plausibly infer that those individuals were personally involved in any violation of plaintiff's constitutional rights.); *Harris v. Forrester*, 2018 WL 2669989 (E.D.Tenn. June 4, 2018)(The court found that where a person is named as a defendant but no allegations of specific conduct are attributed to him, the complaint is subject to

5

dismissal.); *Koan v. Nagy,* 2018 WL 2213451 (W.D.Mich. May 15, 2018)(Where plaintiff only named the defendant in the caption but did not mention him in the body of the complaint, it failed to state a claim.); and *Black v. Mackie*, 2018 WL 3359005 (W.D.Mich. July 9, 2018) (same).

Accordingly, because plaintiff fails to include any allegations of specific conduct regarding defendants Brunner, Bowen, and Ables, there is no claim of personal involvement in, or responsibility for, the violation of plaintiff's constitutional or other rights. Plaintiff fails to even mention these three defendants in the Second Amended Complaint. Therefore, his allegations fall short of the minimal pleading standards of Fed.R.Civ.P. 8 and the pleading fails to state a claim.

### **Conclusion**

For the foregoing reasons, Defendants Jason Brunner, Jennifer Bowen, and Heather Ables's Motion to Dismiss Plaintiff's Second Amended Complaint is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 8/27/18